Filing # 111701272 E-Filed 08/12/2020 04:46:31 PM

IN THE CIRCUIT COURT OF THE<br>
11TH JUDICIAL CIRCUIT IN AND FOR<br>
MIAMI DADE COUNTY, FLORIDA

AVIEL JUAREZ MATIANO,   CASE NO.: 2020-016907-CA-01

    Plaintiff,

v.

5th AVENUE TREE EXPERTS, INC.,
and SAMI SLIM,

    Defendants.
_____/

## SUMMONS IN A CIVIL CASE

**TO:** 5th AVENUE TREE EXPERTS, INC., care of:

ADI AMIT<br>
ADI AMIT, P.A.<br>
101 CENTRE<br>
101 N.E. 3RD AVENUE, SUITE 300<br>
FORT LAUDERDALE, FL 33301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.<br>
REMER & GEORGES-PIERRE, PLLC.<br>
44 WEST FLAGLER STREET<br>
SUITE 2200<br>
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

8/19/2020

| CLERK | DATE |
|---|---|

310009

(BY) DEPUTY CLERK

Filing # 111701272 E-Filed 08/12/2020 04:46:31 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

AVIEL JUAREZ MATIANO,          CASE NO.: 2020-016907-CA-01

    Plaintiff,

v.

5th AVENUE TREE EXPERTS, INC.,
and SAMI SLIM,

    Defendants.
_____/

*handwritten notes: 12:00 PM, 9/10/2020, 1571*

## SUMMONS IN A CIVIL CASE

**TO:** SAMI SLIM, care of:

ADI AMIT
ADI AMIT, P.A.
101 CENTRE
101 N.E. 3RD AVENUE, SUITE 300
FORT LAUDERDALE, FL 33301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

                                     8/19/2020
_____
CLERK                                       DATE

308760
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRUCIT
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

AVIEL JUAREZ MATIANO,
and other similarly-situated individuals,

        Plaintiff,                        CASE NO.:

v.

5th AVENUE TREE EXPERTS, INC.,
And SAMI SLIM, INDIVIDUALLY,

        Defendants.

_____/

## COMPLAINT

The Plaintiff, **AVIEL JUAREZ MATIANO** (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, 5th Avenue Tree Experts, Inc. and Sami Slim, Individually (hereinafter "Defendants"), for overtime wage violations under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "FLSA"), to redress injury done to him by the Defendants, and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000), exclusive of attorney's fees, interest and costs; and therefore, this action is within the jurisdiction of this Court.

2. Plaintiff is a male, he was and continues to be, a resident of Miami-Dade County, Florida; and was an employee of Defendants, performing the duties of a non-exempt

**REMER & GEORGES-PIERRE, PLLC**

COURTHOUSE TOWER
44 West Flagler, Suite 2200
Miami, FL 33130
Telephone: (305)416-5000 Facsimile: (305)416-5005

tow truck driver personnel for the Defendants, within a company operated business facility, located in South, Florida.

3. Defendant entity, is a for-profit corporation, duly authorized to conduct business in the State of Florida.

4. Venue is proper in Miami-Dade County, Florida, pursuant to Fla. Stat. Section 47.011, because all of the actions complained of herein occurred within the jurisdiction of the Eleventh Judicial Circuit, In and for Miami-Dade County, Florida.

5. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

6. Plaintiff began working for the Defendants on or about June 2015 up and until wrongfully terminated on or about November 2017 as a non-exempt crew member.

7. Throughout Plaintiff's employment, Plaintiff's work had been exemplary and proven himself an exceptional and professional employee.

8. Plaintiff was terminated on or about November 2017 due to his request for his due and owing wages.

9. Plaintiff while employed with Defendants was a victim of blatant, willful and unlawful retaliation based upon his request for due and owing wages. Furthermore, Plaintiff was retaliated due to his exercise of his legal rights.

## COUNT I.
## RECOVERY OF OVERTIME COMPENSATION AGAINST 5th AVENUE TREE EXPERTS, INC.

10. The foregoing facts are incorporated herein, with the same force and effect as though fully set forth herein.

11. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"). Defendant **5th AVENUE TREE EXPERTS, INC.** agreed to pay Plaintiff wages for work performed by Plaintiff while in Defendant's employ.

12. Plaintiff performed work for Defendant **5th AVENUE TREE EXPERTS, INC.** sufficient to entitle Plaintiff to payment of his wages.

13. Defendant **5th AVENUE TREE EXPERTS, INC.** wrongfully refused to pay Plaintiff his earned wages notwithstanding Plaintiff's performance of his job duties and responsibilities.

14. As a direct result of Defendant's wrongful refusal to pay Plaintiff his earned wages that are due and owing, Plaintiff has sustained damages.

15. As a direct result of Defendant's wrongful refusal to pay Plaintiff his earned wages that are due and owing, Plaintiff was forced to retain the undersigned attorney. Plaintiff has agreed to compensate undersigned counsel a reasonable attorney's fee to

represent him in this matter which is recoverable from Defendant **5th AVENUE TREE EXPERTS, INC.** Defendant pursuant to Florida Statute §448.08. This court has jurisdiction of this claim pursuant to Florida Statute §448.08 and 29 U.S.C. §216 (b) of the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA").

16. Upon information believed, Defendant Strategy Security Enforcement, Inc., at all times material hereto, employed individuals who regularly were and are engaging in commerce.

17. Defendant **5th AVENUE TREE EXPERTS, INC.**, upon information and belief during the relevant time period, had annual gross volume of business done in an amount not less than $500,000.00. By reason of the foregoing, Defendant was and is an enterprise engaged in commerce as defined by §203 (r) and (s) of the FLSA.

18. Plaintiff is individually covered under the FLSA.

19. In the course of his employment with Defendant **5th AVENUE TREE EXPERTS, INC.**, Plaintiff's work week usually exceeded forty (40) hours per week.

20. During those workweeks when he worked in excess of forty (40) hours per week, Plaintiff was not paid time and one half (1.5) his regular rate of pay for all hours worked in excess of forty (40) per work week.

21. Defendant **5th AVENUE TREE EXPERTS, INC.** employed Plaintiff in the aforesaid enterprise for workweeks longer than forty (40) hours and willfully failed to compensate him/her for hours worked in excess of forty (40) hours per week at a rate of at least one and one-half (1.5) the regular rate at which he was employed in violation of the requirements of §207 of the FLSA.

**REMER & GEORGES-PIERRE, PLLC**

COURTHOUSE TOWER
44 West Flagler, Suite 2200
Miami, FL 33130
Telephone: (305)416-5000 Facsimile: (305)416-5005

22. Plaintiff has engaged the services of undersigned counsel and has agreed to pay undersigned counsel a reasonable attorney's fee and reimbursement costs advanced to prosecute this claim.

23. Plaintiff is entitled to be paid time and one half (1.5) of his/her regular rate of pay for each hour worked in excess of forty (40) per work week.

24. As a direct and proximate result of Defendant **5th AVENUE TREE EXPERTS, INC.**'s deliberate and willful failure to pay overtime wages in accordance with the FLSA, Plaintiff has sustained damages, including loss of wages and unpaid overtime compensation and has had to incur costs and reasonable attorneys' fees.

25. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

26. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week. All similarly situated employees of Defendant 5th Avenue Experts, Inc. is similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

27. Defendant 5th Avenue Experts, Inc. knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to him at time and one half of their regular rate of pay for all hours worked in excess of forty (40) per week.

28. By reason of the said intentional, willful and unlawful acts of Defendant **5th AVENUE TREE EXPERTS, INC.**, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

29. As a result of Defendant **5th AVENUE TREE EXPERTS, INC.**'s willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

30. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

31. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant **5th AVENUE TREE EXPERTS, INC.** awarding unpaid overtime compensation, liquidated damages, costs and reasonable attorneys' fees pursuant to 29 U.S.C. §216 and Florida Statute §448.08. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

WHEREFORE, Plaintiff, and those similarly situated to him who have or will opt into this action, demands judgment, jointly and severally, against Defendant for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## COUNT II: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST SAMI SLIM, INDIVIDUALLY

32. The foregoing facts are incorporated herein, with the same force and effect as though fully set forth herein.

33. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

34. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.

35. At all times pertinent to this Complaint, the 5th Avenue Tree Experts, Inc. Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states.

36. At all times pertinent to this Complaint, the 5th Avenue Tree Experts, Inc. Employer/Defendant obtains and solicits funds from non-Florida sources.

37. At all times pertinent to this Complaint, 5th Avenue Tree Experts, Inc. accepts funds from non-Florida sources.

38. At all times pertinent to this Complaint, 5th Avenue Tree Experts, Inc. uses telephonic transmissions going over state lines to do its business.

39. At all times pertinent to this Complaint, 5th Avenue Tree Experts, Inc. transmits funds outside the State of Florida.

40. At all times pertinent to this Complaint, 5th Avenue Tree Experts, Inc. otherwise regularly engages in interstate commerce, particularly with respect to its employees.

41. Upon information and belief, the annual gross revenue of 5th Avenue Tree Experts, Inc. the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

42. At all times pertinent to this Complaint, Plaintiff was individually covered under the FLSA.

43. By reason of the foregoing, 5th Avenue Tree Experts, Inc. the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant.

44. Defendant **SAMI SLIM**'s business activities involve those to which the Fair Labor Standards Act applies.

45. Defendant **SAMI SLIM** exercised operational control of Defendant entity.

46.  At all times relevant to this action, **SAMI SLIM** was an individual resident of the State of Florida, who owned and operated 5th Avenue Tree Experts, Inc., and who regularly exercised the authority to: (a) hire and fire employees of 5th Avenue Tree Experts, Inc.; (b) determine the

work schedules for the employees of 5th Avenue Tree Experts, Inc.; and (c) control the finances and operations of 5th Avenue Tree Experts, Inc. By virtue of having exercised that authority on behalf of 5th Avenue Tree Experts, Inc. and Sami Slim are employers as defined by 29 U.S.C. 201 et. seq.

47. While employed by Defendant Sami Slim, Plaintiff worked in excess of forty hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he/she was employed.

48. At all times material hereto, Sami Slim Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Sami Slim the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Sami Slim Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant entity and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

49. Sami Slim Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these

overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Sami Slim Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Sami Slim Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

50. At the times mentioned, Defendant Sami Slim was, and is now, the Director and/or owner of Defendant Corporation. Defendant Sami Slim was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant entity/employer in relation to the employees of Defendant entity/employer, including Plaintiff and others similarly situated. Defendant Sami Slim had operational control of the business, provided Plaintiff with his/her work schedule, and is jointly liable for Plaintiff's damages.

51. Defendant Sami Slim willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

52. Plaintiff has retained the law offices of the undersigned attorney to represent him/her in this action and is obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant Sami

Slim on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff demands a trial by jury for all claims asserted herein.

## COUNT III: 5th AVENUE TREE EXPERTS, INC.'S FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF PLAINTIFF PURSUANT TO 29 U.S.C. 215(A)(3).

53. The foregoing facts are incorporated herein, with the same force and effect as though fully set forth herein.

54. This action arises under the laws of the United States.

55. Defendants fired Plaintiff on or about November, 2017. Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

56. Defendant willfully and intentionally refused to pay Plaintiff the overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of each Plaintiff's employment with Defendants as set forth above.

**REMER & GEORGES-PIERRE, PLLC**

COURTHOUSE TOWER
44 West Flagler, Suite 2200
Miami, FL 33130
Telephone: (305)416-5000 Facsimile: (305)416-5005

57. On or about **November 2017** Plaintiff complained about overtime wages to the Defendant and in that same month the Defendant fired Plaintiff.

58. The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendant. In other words, Plaintiff would not have been fired but for his/her complaint for overtime wages.

59. The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (A)(3) and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff requests that this Honorable Court:

A. Enter judgment against the Defendant ENTITY, for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorney's fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable by law 29 U.S.C. 216(b).

Plaintiff demands a trial by jury as to each count of this complaint

**REMER & GEORGES-PIERRE, PLLC**

COURTHOUSE TOWER
44 West Flagler, Suite 2200
Miami, FL 33130
Telephone: (305)416-5000 Facsimile: (305)416-5005

Dated this 9th day of August, 2020

                                                Respectfully submitted,

                                                **REMER & GEORGES-PIERRE, PLLC**
                                                COURTHOUSE TOWER
                                                44 West Flagler Street, Suite 2200
                                                Miami, Florida 33130
                                                Tel. (305) 416-5000
                                                E-Mail: agp@rgpattorneys.com

                                                By: *Anthony M. Georges-Pierre*
                                                Anthony M. Georges-Pierre, Esq.
                                                Florida Bar Number: 0533637