**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 20-23972 – CIV – UNGARO/O'Sullivan**

AVIEL JUAREZ MATIANO,

     Plaintiff,

v.

5th AVENUE TREE EXPERTS, INC.,
and SAMI SLIM, individually,

     Defendants.

_____/

## PLAINTIFF'S VERIFIED MOTION FOR ATTORNEYS' FEES AND TO TAX COSTS PURSUANT TO LOCAL RULE 7.3

Plaintiff, AVIEL JUAREZ MATIANO ("Plaintiff"), by and through undersigned counsel, hereby files Plaintiff's Verified Motion for Attorneys' Fees and to Tax Costs Pursuant to Local Rule 7.3, the Parties' agreed-upon Offer of Judgment, and the Court's Order at ECF No. 16, and states:

1.     On or about October 14, 2020, the Parties resolved this action via an agreed-upon Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. ECF No. 14.

2.     The Offer of Judgment explicitly contemplates and provides that reasonable attorney's fees and costs shall be determined by the Court upon timely motion. ECF No. 14-1.

3.     On or about October 14, 2020, this Honorable Court entered an Order approving the Parties Offer of Judgment, and in doing so required that all motions for attorneys' fees and costs be submitted no later than October 28, 2020. ECF No. 16.

4.     Pursuant to the above, Plaintiff respectfully moves this Court for an order granting Plaintiff's Motion for Attorney's Fees and to Tax Costs, to be paid by Defendants, 5TH AVENUE TREE EXPERTS, INC. and SAMI SLIM ("Defendants").

5.     The amount of attorney fees claimed in conjunction with this matter for fees incurred for litigation is $6,110.00 based on over 17.0 hours attorney hours spent on this matter.

6.     Plaintiff's counsel, Anthony M. Georges-Pierre, Esq. ("AGP") requests $400.00 per hour for work in FLSA cases in the Southern District of Florida.

7.     Plaintiff's counsel, Max L. Horowitz, Esq. ("MLH") requests $300.00 per hour for work in FLSA cases in the Southern District of Florida.

8.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), the statute specifically awards attorneys' fees and costs to the plaintiff upon prevailing.

9.     The total amount of taxable costs claimed is $646.00 for filing fees, postage, and service of process.

10.    Specifically, the request for a reimbursement of costs is made pursuant to F.R.C.P. 54(D) and Local Rule 7.3.

11.    Pursuant to Local Rule 7.3, the undersigned has fully reviewed the time records and supporting data and certifies that this motion is well grounded in fact and is justified.

12.    The hours of time spent, and the costs expended, can be found in Plaintiff's Counsel's Time and Costs sheet, attached to this motion as "Exhibit A".

## I. This Court Should Award Plaintiff Reasonable Attorneys' Fees Incurred

(i) The Fair Labor Standards Act of 1938, as amended, 29 U.S.C.S. § 216(b) states that the court shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney fee to be paid by the Defendants, and costs of the action.

In *Shelton v. Ervin*, 830 F.2d 182 (11th Cir. 1987) the Court held Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to

the prevailing plaintiff in FLSA cases.   In consideration of the language of section 216(b) and its underlying purpose, the court held that attorney fees are an integral part of the merits of FLSA cases and part of the relief sought therein. Thus, a final determination as to the award of attorney fees is required as part of the final appealable judgment.

29 U.S.C. § 216(b) states, in relation to prevailing Plaintiffs in FLSA suits, "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## II. The Hourly Billing Rates Are Fair and Reasonable

It is well settled that the calculation of reasonable attorneys' fees is achieved by determining the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *See Hensley v. Eckhart*, 461 U.S. 424, 433-34 (1983).  This is known as the lodestar approach.  Generally, the reasonable number of hours expended are those hours for which the court finds were reasonably spent in attaining the result for the client. *See Norman v. Hous. Author. Of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

 Fair Estimate of Amount Sought and Hours: The Plaintiff's counsel Anthony M. Georges-Pierre, Esq. and Max L. Horowitz, Esq. litigated this matter in good faith for a total amount of 17.0 hours.  As depicted in the chart above, Mr. Georges-Pierre spent 10.1 hours litigating this case, and Mr. Horowitz spent 6.9 hours litigating this case.  Mr. Georges-Pierre bills at a reasonable attorney's fee rate of $400.00 per hour, and Mr. Horowitz bills at a reasonable attorney's fee rate of $300.00 per hour.  As such, Mr. Georges-Pierre's billing amount is $4,040.00, and Mr. Horowitz's billing amount is $2,070.00.  This results in a total amount due of attorney's fees from Defendants of $6,110.00.  The time keepers were the attorneys themselves.

<u>Terms of Agreement</u>: Plaintiff retained the law firm of Remer & Georges-Pierre, PLLC for representation in this matter.  Mr. Anthony M. Georges-Pierre, Esq. is a founding partner and trial attorney of Remer & Georges-Pierre PLLC. He is a former senior advisor to the City of Miami Mayor, a former Executive Director of the City of Miami Sister Cities Program, and has litigated hundreds of claims on behalf of employees seeking unpaid overtime wages. Additionally, he has also presented victorious appeals and oral arguments before the State of Florida Third District Court of Appeals. Mr. Georges-Pierre is well-experienced in cases of this type and has been approved in this district for as high as a rate of $400 per hour. See, e.g., Corzo v. R & R Shopping Plaza, Inc. et al., ECF No. 26, No. 16-cv-20940-JG (S.D. Fla. May 16, 2016); Powell v. J&R Care Finders, Inc., ECF No. 33, No. 16-cv-60400-JG (S.D. Fla. May 12, 2016); Carro et al v. Integrated Tech Group, LLC, ECF No. 115, No. 14-cv-23788-WCT (S.D. Fla. May 11, 2016); Knights v. Tri-County Protection Service, et al., ECF No. 46, No. 14-cv22988-MGC/EGT (S.D. Fla. April 19, 2016); Pinilla v. Donorcommunity, Inc. et al., ECF No. 39, No. 15-cv-61880-JIC (S.D. Fla. March 18, 2016); Stravrev v. HW Worldwide LLC et al., ECF No. 24, No. 15-cv-23498-FAM (S.D. Fla. February 19, 2016); Dominguez, et al. v. Crossroads Management, LLC, ECF No. 29, No. 15-cv24550-PAS/WCT (S.D. Fla. January 25, 2016); Cuesta v. Rosel Home Equipment Care, et al., ECF No. 32, No. 15-cv-21766-CMA (S.D. Fla. July 17, 2015); Gamez v. Case 1:18-cv-21827-MGC Document 38 Entered on FLSD Docket 11/16/2018 Page 2 of 4 Zafco Retail Miller Square, LLC, ECF No. 24, No. 14-cv-24452-PAS/WCT (S.D. Fla. February 9, 2015).

Mr. Max L. Horowitz, Esq. is a Senior Associate and trial attorney of Remer & Georges-Pierre, PLLC.  He has been admitted to practice law since 2015.  Additionally, since being admitted to practice law in the state of Florida, Mr. Horowitz has appeared in no less than 142 cases in federal court, plus many more in state court.  Mr. Horowitz is well-experienced in cases of this

type and has been approved in this district for as high as a rate of $300 per hour. *See Blanco v. FedEx Freight, Inc.*, Case No. 1:20-cv-21506-ALTONAGA/Goodman, ECF No. 33 (July 13, 2020); *Zambrano v. Vitas Healthcare Corp.*, Case No. 1:20-cv-21422-MOORE/Becerra, ECF No. 15 (June 12, 2020); *Mendoza v. Skechers U.S.A. Retail, LLC*, Case No. 1:19-cv-22789-BLOOM/Valle, ECF No. 31 (June 12, 2020).

Reimbursable Expenses: 29 U.S.C. 216(b) make an award of costs mandatory for a prevailing Plaintiff in an FLSA case.   In *EEOC v. W&O, Inc.,* 213 F.3d 600 (11th Cir. 2000) the Court held that costs that are authorized by Statute may be awarded.  Here, Plaintiff contends that all of their costs as outlined below should be awarded pursuant to 29 U.S.C. Section 216(B) because all were incurred as a result of litigating this claim.

### III.     Plaintiff Should Be Awarded Costs Allowed As The Prevailing Party On Plaintiff's Federal Claims

"Costs… shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P.54(d)(1). "Federal Rule of Civil Procedure 54(d) grants costs to the prevailing party as a matter of course in the absence of a countervailing rule or statute, unless the … [court] directs otherwise." *Jones v. City of San Antonio*, F.2d 1224, 1226 (5th Cir. 1978); see also *Gilchrist v. Bolger*, 733 F.2.d 1551, 1556-57 (11th Cir. 1984).  Further, Plaintiff is entitled to his costs in this matter pursuant to 29 U.S.C. § 216(b).  Specifically, Plaintiff seeks to recover his filing fee, service, and copies and postage costs.  Because Plaintiff prevailed in this matter, the Court should award Plaintiff his costs incurred in prosecuting the matter in the total amount of $646.00 for filing fees, postage, and service of process. These costs incurred by Plaintiff were necessary for successfully prosecuting against Defendants.   Accordingly, Plaintiff requests reimbursement in the total amount of $646.00, for these costs related to Plaintiff's successful prosecution of this case.

**Total Amount of Fees and Costs Claimed by Plaintiff:** Plaintiff requests this Honorable Court to order Defendants to pay Plaintiff's attorneys' fees and costs, pursuant to the Offer of Judgment between the Parties, and the prevailing party provisions of the FLSA.  This motion is filed as a verified motion signed by the undersigned counsel. This motion was filed and served within thirty days of entry of any Final Judgment.

## CONCLUSION

For the reasons set forth herein, Plaintiffs request this Honorable Court order Defendants to pay Plaintiff's attorneys' fees for a total amount of $6,110.00 plus $646.00 in costs totaling $6,756.00, as allowed for under the FLSA, and pursuant to the Parties' Offer of Judgment.

Pursuant to Local Rule 7.3 for the Southern District of Florida, a certification and verification that the undersigned counsel has reviewed the time records and supporting data regarding Plaintiff's Verified Motion to Tax Attorneys' Fees and Costs is set forth below.

## CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.3(b)

The undersigned Counsel has conferred with counsel for Defendant regarding the relief sought herein.  On October 20, 2020, undersigned Counsel emailed Counsel for Defendant conferring upon the amount of fees and costs sought herein and whether Defendant had any objections to assert under the standards of Local Rule 7.3.  Counsel for Defendant replied the next day, October 21, 2020, asking for the time and costs records, and undersigned Counsel complied upon realizing the records were never attached in the October 20, 2020 email.  Counsel for Defendant replied and offered to resolve fees and costs for a significantly reduced amount, simply arguing that he was "not sure" how the amount of undersigned Counsel's was calculated, but that they "seem exaggerated."  Undersigned Counsel responded that same day, noting that Counsel for

Defendant provided no legal basis for his reduced offer of fees and costs, and that if there was any legal basis for objection to the time entries and costs provided, that such should be provided by 5:00 P.M. on October 21, 2020.  Counsel for Defendant responded that same day and advised that more time was needed to review, and undersigned Counsel agreed to allow until 5:00 P.M. on October 22, 2020.  In the morning of October 22, 2020, Counsel for Defendant emailed undersigned Counsel and made another offer to settle for a significantly lesser amount than the amount sought by undersigned Counsel.  In support of this offer, Counsel for Defendant only included 5.4 total hours of work by Plaintiff's Counsel, and a reduced amount of costs on the basis of 28 C.F.R. § 0.114(a)(3).  Once again, undersigned Counsel responded and pointed out that yet again there was no legal basis provided by Counsel for Defendant for the reduction in fees and costs, and that conferral therefore did not result in any agreement, which led to the filing of the instant Motion.  Of note, the C.F.R. statute relied upon by Counsel for Defendant relates to fees for service of process by the United States Marshals Service, which was not how service was effectuated in this case, and has no relevance to the standard of what costs should be awarded in this case.

Certification of Counsel.

I, Max L. Horowitz, Esq., counsel for plaintiff in accordance with Local Rule 7.3 for the Southern District of Florida, hereby certify that I have fully reviewed the data of this Verified Motion seeking fees and costs and that this motion is well grounded in fact and is justified.  Further, I depose and state that I have read the information set forth above and attached hereto and swear that it is true to the best of my knowledge.


*Max L. Horowitz*
Max L. Horowitz, Esq.

Dated: October 22, 2020                    Respectfully submitted,


                                           s/ Max L. Horowitz
                                           **Anthony M. Georges-Pierre, Esq.**
                                           Florida Bar No.: 0533637
                                           agp@rgpattorneys.com
                                           **Max L. Horowitz, Esq.**
                                           Florida Bar No.: 118269
                                           mhorowitz@rgpattorneys.com
                                           **REMER & GEORGES-PIERRE, PLLC**
                                           Courthouse Tower
                                           44 West Flagler Street, Suite 2200
                                           Miami, Florida 33130
                                           Phone: (305) 416-5000
                                           Fax:    (305) 416-5005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 22, 2020 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Adi Amit, Esq.
ADI AMIT, P.A.
*Counsel for Defendants*
101 Centre
101 NE Third Ave., Suite 300
Fort Lauderdale, Florida 33301
Phone: (954) 533-5922
E-mail:Adi@defenderofbusiness.com


                                           /s/ Max L. Horowitz
                                           **Anthony M. Georges-Pierre, Esq.**
                                           Florida Bar No. 533637
                                           **Max L. Horowitz, Esq.**
                                           Florida Bar No. 118269

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-23972 – CIV – UNGARO/O'Sullivan

AVIEL JUAREZ MATIANO,

     Plaintiff,

v.

5th AVENUE TREE EXPERTS, INC.,
and SAMI SLIM, individually,

     Defendants.

_____/

**PROPOSED ORDER ON**
**PLAINTIFF'S VERIFIED MOTION FOR ATTORNEYS' FEES AND TO TAX COSTS**

     This action came on before the Court on the granting of Plaintiff's Verified Motion for Attorneys' Fees and to Tax Costs, the issues of damages having been submitted by affidavit, and pursuant to Fed. R. Civ. P. 54 and 58 the Court duly rendering its verdict,

It is ORDERED AND ADJUDGED that:

1.    The Verified Motion for Attorneys' Fees and to Tax Costs is GRANTED.

2.    Judgment is hereby entered in favor of Plaintiff against 5TH AVENUE TREE EXPERTS, INC. and SAMI SLIM, jointly and severally.

3.    Plaintiff is entitled to recover attorney fees in the amount of $6,110.00 from Defendants, 5TH AVENUE TREE EXPERTS, INC. and SAMI SLIM, jointly and severally. Plaintiff's counsel, Mr. Anthony M. Georges-Pierre, Esq. shall be compensated at a rate $400 per hour, which is reasonable because he has practiced extensively in the area of labor and employment and he is well-experienced in cases of this type. This award is consistent with prior recent decisions in similar cases in this district. *See Jose Danilo v. Warinez, LLC et al*, S.D. Fla. Case No. 1:14-cv-23366-JAL.

Plaintiff's Counsel, Max L. Horowitz, Esq., shall be compensated at a rate of $300.00 per hour, which is reasonable because of his experience in the area of labor and employment.  This award is consistent with prior recent decisions in similar cases in this district.  *See Blanco v. FedEx Freight, Inc.*, Case No. 1:20-cv-21506-ALTONAGA/Goodman, ECF No. 33 (July 13, 2020); *Zambrano v. Vitas Healthcare Corp.*, Case No. 1:20-cv-21422-MOORE/Becerra, ECF No. 15 (June 12, 2020).

4.      Plaintiff is entitled to recover costs in the amount of $646.00 which includes filing fees, postage, and service of process from Defendants, 5TH AVENUE TREE EXPERTS, INC. and SAMI SLIM, jointly and severally.

DONE AND ORDERED in Chambers in Miami, Florida, this ____ day of _____, 2020.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE


Copies to: Counsel of Record