UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-23972-CV-UNGARO
MAGISTRATE JUDGE REID

AVIEL JUAREZ MATIANO,
    Plaintiff,

v.

5TH AVENUE TREE EXPERTS, INC., et al.,
    Defendants.
                                           /

## REPORT OF MAGISTRATE JUDGE REID

This matter is before the Court on Plaintiff's Verified Motion for Attorneys' Fees and to Tax Costs Pursuant to Local Rule 7.3 ("Motion"). [ECF No. 17]. This cause has been referred to the Undersigned pursuant to 28 U.S.C § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida to take all necessary and proper action as required by law with respect to the Motion. [ECF No. 18].

Having carefully considered the issues, the record, and the applicable law, the Undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Attorneys' Fees [ECF No. 17] be **GRANTED in part and DENIED in part**, and Plaintiff be awarded $4,750.00 in attorneys' fees and $556.00 in costs, for a total award of $5,306.00 in fees.

### I. BACKGROUND

On August 9, 2020, Plaintiff filed his initial Complaint in this matter in the Eleventh Circuit, in and for Miami-Dade County, Florida, alleging he was owed overtime and unlawfully retaliated against under the Fair Labor Standards Act ("FLSA"). [ECF No. 1-2]. Plaintiff then served a summons and the Complaint on Defendants in this FLSA matter on September 10, 2020.

[ECF No. 1 ¶ 1]. On September 29, 2020, Defendants filed their Notice of Removal of Action to the United States Court Southern District of Florida. [*Id*.]. On October 14, 2020, the Court issued a Final Judgment in this matter in favor of Plaintiff regarding his FLSA claims. [ECF No. 16]. The Final Judgment in favor of Plaintiff, in the amount of $1,000.00, was entered as a result of Defendants' Notice of Plaintiff's Acceptance of Offer of Judgment. [ECF No. 14]. The Offer of Judgment expressly stated that it was exclusive of "any reasonable attorney's fees and costs, which [are to] be determined by Court the upon timely motion." [ECF No. 14-1].

On October 22, 2020, Plaintiff filed this Motion against Defendants 5th Avenue Tree Experts, Inc. and Sami Slim, individually. [ECF No. 17]. Defendants filed their Response opposing the Motion [ECF No. 20], and Plaintiff has filed a Reply. [ECF No. 21]. Plaintiff seeks $5,000.00 in attorneys' fees and an award of taxable costs for $646.00, for a total fee award of $5,646.00. [ECF No. 21 at 8].

## II. ATTORNEYS' FEE AWARD TO PLAINTIFF

1) Entitlement to Fees

Plaintiff seeks fees in this matter pursuant to S.D. Fla. L.R. 7.3, 29 U.S.C. § 216(b), the Parties' agreed-upon Offer of Judgment, and the Court's Order. *See* [ECF No. 17]. S.D. Fla. L.R. 7.3 states the requirements for filing a motion for attorneys' fees and costs. The FLSA provides for the recovery of attorneys' fees for a prevailing plaintiff. *See* 29 U.S.C. § 216(b). Defendants do not dispute Plaintiff's entitlement to attorneys' fees, though they do dispute the amount that should be awarded. Accordingly, as Final Judgment was entered in favor of Plaintiff in this matter, Plaintiff prevailed in the case at bar, and is entitled to receive attorneys' fees.

2) Amount of Fee Award

Having determined that Plaintiff is entitled to an award of attorneys' fees incurred in connection with this lawsuit, the Undersigned next addresses the appropriate amount of that fee award. Under the "lodestar" method, a reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1994)).

In Plaintiff's Motion, he initially requested (a) $4,040.00 in attorney's fees at a rate of $400 per hour for 10.1 hours worked by Anthony M. Georges-Pierre, Esquire ("Mr. Georges-Pierre"), the founding partner of Remer & Georges-Pierre, PLLC; and (b) $2,070.00 in attorney's fees at a rate of $300.00 per hour for 6.9 hours worked by senior associate, Max Horowitz, Esquire ("Mr. Horowitz"). [ECF No. 17 at 3]. The total amount of fees requested for both attorneys was $6,110.00. [*Id*.]. As for costs, Plaintiff sought $646.00, for a combined total of $6,756.00 in attorneys' fees and costs. [*Id*. at 6]. In support of the Motion, Plaintiff provides time and costs sheets, invoices for costs, an affidavit from Mr. Horowitz, and separate lists of FLSA cases where both Mr. Georges-Pierre and Mr. Horowitz appeared as counsel. [ECF Nos. 17-1, 17-2, 17-3, 17-4, 17-5].

Defendants challenge the reasonableness of counsels' hourly rates, the reasonableness of the number of hours expended, the lodestar amount, and taxable costs. [ECF No. 20]. Defendants assert that Mr. Georges-Pierre's hourly rate should be reduced by $50 to $350 per hour and Mr. Horowitz's hourly rate should be reduced by $50 to $250 per hour. [*Id*. at 4-5]. Defendants further opine that the Court should calculate the lodestar for Mr. Georges-Pierre for 2.6 hours worked and for Mr. Horowitz for 2.8 hours worked, for a total of $1,1610.00 in attorneys' fees. [*Id*. at 8]. Finally, Defendants request a 30% reduction over the lodestar amount of the proposed $1,610.00

3

in attorneys' fees to reflect Plaintiff's obtained degree of success, for a total of $1,127.00 awarded in attorneys' fees. [*Id*. at 10]. Defendants also dispute the amount of taxable costs sought and contend that Plaintiff's costs should be reduced to $491.00, for a total award of $1,618.00. [*Id*. at 12].

In Plaintiff's Reply, he disputes Defendants' contention that counsels' hourly rate should be lowered. However, Plaintiff agrees to remove a 1-hour time entry for an initial consultation conducted by Mr. Georges-Pierre, adjusting the hours worked by Mr. Georges-Pierre to 9.1 hours, thereby reducing the total hours worked by both attorneys to 16 hours and the lodestar attorneys' fees amount to $5,710.00. [ECF No. 21 at 3]. Plaintiff further agrees to reduce the lodestar amount of attorneys' fees sought to $5,000.00. [*Id*. at 6]. Plaintiff does not agree to reduce the amount sought for taxable costs, and therefore, seeks a total fee award of $5,646.00. [*Id*. at 8].

  *a) Reasonable Hourly Rate*

The Court must first evaluate Plaintiff's requested fee in terms of the appropriate hourly rate. A reasonable hourly rate is to be measured by "prevailing market rates in the relevant community." *Blum*, 465 U.S. at 895. In determining this, the Court should consider the rate "for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum*, 465 U.S. at 895-96 n.11).

More specifically, "[i]n determining reasonable South Florida hourly rates, a court may consider certain factors, including 'the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases.'" *Fla. Int'l Univ. Bd. of Trs. v. Fla. Nat'l*

*Univ.*, No. 1:13-cv-21604-WILLIAMS/BECERRA, 2019 WL 3412159, 2019 U.S. Dist. LEXIS 101714, at *6-7 (S.D. Fla. June 17, 2019) (quoting *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (internal citations omitted)). "In the end, however, the Court remains an expert on the issue of attorneys' fees and "may consider its own knowledge and experience concerning reasonable and proper fees." *Id.* at *7 (quoting *Norman*, 836 F.2d at 1303) (internal citations and quotations omitted).

Here, Plaintiff requests an hourly rate of $400.00 per hour for Mr. Georges-Pierre and $300.00 per hour for Mr. Horowitz. [ECF No. 17 at 3]. Defendants object to Plaintiff's requested hourly rate for both Mr. Georges-Pierre and Mr. Horowitz. [ECF No. 20 at 15]. Defendants instead opine that a rate of $350.00 per hour is more appropriate for Mr. Georges-Pierre and $250.00 per hour is more appropriate for Mr. Horowitz because: (1) counsels' filings on the docket purportedly demonstrate lack of knowledge of basic concepts of the FLSA; (2) Defendants' lead counsel, Adi Amit, Esquire, charged $300.00 per hour; and (3) Mr. Horowitz's rate of $300.00 had previously been found to be unreasonable. *See* [*id.*]. The Court finds these arguments to be unpersuasive.

Mr. Georges-Pierre is the founding partner of Remer & Georges-Pierre PLLC, a former senior advisor to the Mayor of the City of Miami, has litigated numerous FLSA cases, and presented favorable appeals and oral arguments. [ECF No. 17]. Further, Mr. Georges-Pierre has been approved in this District at a billing rate of $400.00 per hour. *Schillinger v. Yes Hosp., LLC*, No. 18-21827-CIV, 2018 WL 6656638, at *2 (S.D. Fla. Dec. 11, 2018), *report and recommendation adopted*, No. 18-21827-CIV, 2019 WL 2267190 (S.D. Fla. Feb. 28, 2019) (finding that Mr. Georges-Pierre's $400 billing rate was reasonable in light of him being in practice since 2001). Mr. Horowitz is a senior associate and trial attorney of Remer & Georges-Pierre PLLC, has been admitted to practice law since 2015, and has appeared in sixty-eight FLSA

5

cases since 2017. [ECF Nos. 17, 17-5]. Finally, Mr. Horowitz has been approved in this District at a billing rate of $300.00 per hour. *See Blanco v. FedEx Freight, Inc.*, No. 1:20-cv-21506-JG, (S.D. Fla. July 13, 2020) [ECF No. 33]; *see also Zambrano v. Vitas Healthcare Corp.*, No. 1:20-cv-21422-KMM, (S.D. Fla. June 12, 2020) [ECF No. 15]. Therefore, the Undersigned finds that the requested hourly rates of $400 per hour for Mr. Georges-Pierre and $300 per hour for Mr. Horowitz are reasonable when considering their experience and prior approval of their requested rates in similar cases within this District.

      *b) Reasonable Numbers of Hours Expended*

The Court must next evaluate Plaintiff's requested fees for reasonableness in terms of the total hours expended by counsel. *See Norman*, 836 F.2d at 1303. The Court may determine a reasonable award based on its own experience. *See id.* The burden rests on the plaintiff to submit a request for fees that will enable the court to determine what time was reasonably expended. *See Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994). "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *Wales-Walden v. Ak "N" Eli, LLC*, No. 17-20658-CIV, 2018 WL 6812692, at *3 (S.D. Fla. Oct. 12, 2018), *report and recommendation adopted sub nom. Wales-Walden v. Ak N Eli, LLC,* No. 1:17-CV-20658-UU, 2018 WL 6807316 (S.D. Fla. Oct. 29, 2018) (quoting *Nat'l Ass'n. of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982)).

Plaintiff seeks $5,000.00 in attorneys' fees after the agreed upon reduction of $710.00 to the lodestar amount. [ECF No. 21 at 6]. In support of the fee Motion, Plaintiff has submitted counsels' itemized time records, [ECF No. 17-2], as well as an affidavit from Mr. Horowitz, attesting that the time records, invoices of cost, and supporting data are accurate. [ECF No. 17-3].

6

In opposition, Defendants' argue that Plaintiff's counsel failed to exercise billing judgment and they object to all of Plaintiff's counsels' billing entries, claiming that the tasks billed for were generic, non-descriptive, and over-billed. *See* [ECF No. 20 at 5-8]. Defendants provide a table of Plaintiff's Counsels' time entries with Defendants' objections. [*Id*. at 14-15].

In ascertaining the number of reasonable hours, a court must deduct "excessive, redundant or otherwise unnecessary hours" from those claimed. *See Norman*, 836 F.2d at 1303. Accordingly, the Court has two choices: conducting an hour-by-hour analysis, or applying an across-the-board cut. *See Bivins v. Wrap it Up, Inc.,* 548 F.3d 1348, 1350 (11th Cir. 2008). In conducting this analysis, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Even so, the Undersigned has carefully reviewed all time entries and all of Defendants' objections and addresses the individual time entries that are found to be excessive or redundant. *See Galdames v. N & D Invest. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011).

Defendants argue that Mr. Georges-Pierre's combined time entries for 2.4 hours, on August 9, 2020 and August 12, 2020, are improper block-billing. [ECF No. 17-1]. The Undersigned agrees. In these time entries, it appears as if Mr. Georges-Pierre billed for "review file, review pay records" on August 9, 2020, and for "draft and file Complaint, draft and file proposed Summonses" on August 12, 2020. [ECF No. 17-1]. However, this block-billed time entry is unclear because the summonses were filed in state court on August 12, 2020, and the Complaint was filed in state court on August 9, 2020. *See* [ECF Nos. 1-2, 17-1]. Further, Mr. Georges-Pierre billed 0.06 hours for "attorney internal discussion regarding case strategy, drafting complaint" on August 6, 2020. [ECF

No. 17-1]. Therefore, when considering the ambiguity and redundancy of this time entry, it will be reduced from 2.4 hours to Defendants' suggested time of 1 hour. [ECF No.20 at 14].

The Undersigned also finds that Mr. Georges-Pierre's time entry on September 29, 2020, and the two time entries on September 30, 2020, for "attorney internal discussion regarding case strategy" to be redundant. [ECF No. 17-1]. Collectively, these time entries, which include billing for "attorney internal discussion regarding case strategy," total 3.9 hours, and the Undersigned finds that an additional 1 hour should be deducted from Mr. Georges-Pierre's billed time.

Therefore, the total attorneys' fee reduction amounts to 2.4 hours (1.4 hours + 1 hour), totaling $960.00.00 deducted from Mr. Georges-Pierre's billed time. Accordingly, before any other reduction in fees are discussed in this Report, the Court find Plaintiff's counsels' fees are reduced to a lodestar amount of $4,750.00 ($5,710-$960.00 = $4,750.00). *See Collar v. Abalux, Inc.*, No. 16-20872-CIV, 2019 WL 7172416, at *5 (S.D. Fla. Mar. 6, 2019), *reconsideration denied,* No. 16-20872-CIV, 2019 WL 7172411 (S.D. Fla. Mar. 29, 2019), *aff'd sub nom. Collar v. Abalux, Inc*, 806 F. App'x 860 (11th Cir. 2020) (noting that the Eleventh Circuit has approved district courts' use of across the-board-reductions of fee award . . . where some . . . entries are block-billed"). As for all other time entries, the Undersigned finds that Plaintiff's counsels' billing entries are reasonable and reinforced by record evidence submitted in support of Plaintiff's Motion.

    c) *Adjustment to the Lodestar Amount*

Defendants argue that the lodestar amount should be reduced because the lodestar figure is unreasonable in light of Plaintiff's limited success obtained. [ECF No. 20 at 8-10]. Specifically, Defendants argue that Plaintiff filed an inflated statement of claim. [*Id*. at 10]. In Plaintiff's Statement of the claim, he sought $8,385.00 based on a purported 130 weeks of overtime liability

8

for non-tipped wages for liquidated and unliquidated damages and $76,960.00 in back wages for retaliation, for a total of $85,345.00 in damages. [ECF No. 11 at 2-3]. Defendants assert that because the Plaintiff accepted $1,000.00 as the Offer of Judgment, Plaintiff recovered a little over one percent of the amount sought, supposedly indicating that Plaintiff's entire case may be a sham. [ECF No. 20 at 10]. Therefore, Defendants request a 30% reduction of the lodestar amount, assuming that the lodestar amount was determined to be $1,610.00 as Defendants requested. [*Id*.].

Plaintiff ardently opposes Defendants' request and notes that there were multiple documents filed, significant hours of research and drafting conducted, and discussions that counsel undertook to litigate this action. [ECF No. 21 at 6]. Plaintiff instead asserts that Defendants' suggestion seeks to punish counsel for litigating this action and would defeat the purposes of the FLSA's provision that awards reasonable attorneys' fees.

Under certain circumstances, the lodestar *may* be adjusted in order to reach a more appropriate attorney's fee. *See Blum*, 465 U.S. at 888. However, "[a] lodestar figure that is based upon a reasonable number of hours spent on a case multiplied by a reasonable hourly rate is itself strongly presumed to be reasonable." *P&k Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 850 (11th Cir. 2019) (quoting *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993)); *see also Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986). Nonetheless, the Court may adjust the lodestar for "results obtained." *Hensley*, 461 U.S. at 434. When "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate *may* be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.* at 436 (emphasis added). Accordingly, the Court has

discretion to reduce an award to account for situations where the lodestar figure is unreasonable in light of the limited success obtained. *See id.* at 436-37.

Here, the Undersigned does not find that any reduction of the resulting lodestar amount is warranted. "The Court recognizes that '[g]iven the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case.'" *Guillaume v. NY Bagel Boy, Inc*., No. 14-80802-CIV, 2015 WL 13776788, at *1 (S.D. Fla. July 23, 2015), *report and recommendation adopted*, No. 14-80802-CIV, 2015 WL 13776789 (S.D. Fla. Dec. 10, 2015) (quoting *Powell v. Carey Intern., Inc.*, 547 F. Supp. 2d 1281, 1286 (S.D. Fla. 2008)) (alteration in original). Here, the lodestar amount of $4,750.00 is warranted in light of the hours accounted for and the work performed by counsel. Further, the Undersigned has already deducted the hours billed from Plaintiff's attorneys' fees which the Undersigned finds unclear, excessive, or redundant.

While it is true that Plaintiff settled for a $1,000.00 offer of judgment and sought a much higher amount initially, it is impossible for the Court to ascertain Plaintiff's reason for settling for a lower amount. Further, unlike in cases where an offer of judgment was rejected, here, Plaintiff did not proceed to trial and instead, accepted the first offer of judgment from Defendants. *Compare Molina v. SMI Sec. Mgmt., Inc.,* No. 11-24245-CIV, 2013 WL 12092209, at *6 (S.D. Fla. May 9, 2013), *report and recommendation adopted,* No. 11-24245-CIV, 2013 WL 12092118 (S.D. Fla. July 15, 2013) (finding no adjustment to the lodestar was warranted where Plaintiffs recovered 24% of what was originally demanded), *and Estrada v. Alexim Trading Corp.,* No. 10-23696-CIV, 2012 WL 4449470, at *13 (S.D. Fla. Sept. 26, 2012) (finding lodestar should not be reduced where Plaintiff recovered $9,000.00 of $29,000.00 originally sought), *with Roldan v. Pure Air Solutions, Inc.,* No. 07-22203-Civ, 2010 WL 410571 *8 (S.D. Fla. Jan. 29, 2010) (reducing attorneys' fees

lodestar calculation by 85% based upon limited success where FLSA plaintiff was only awarded $533.69 after trial, despite seeking significantly more at the outset of the litigation).

Finally, the Undersigned takes note that "[n]either the text nor the purpose of the FLSA, however, supports imposing a proportionality limit on recoverable attorneys' fees." *Fisher v. SD Prot. Inc.,* 948 F.3d 593, 603 (2d Cir. 2020); *see also Jackson*, 758 F. App'x at 850–51 (finding no abuse of discretion in declining to reduce lodestar amount where defendant generally and conclusorily asserted that $118,894.20 was an excessive award for a case with a $6,308 jury verdict.) Therefore, in summary, the Undersigned finds that no reduction of the lodestar is warranted, and Plaintiff should be awarded $4,7500.00 in attorneys' fees.

### III. LITIGATION EXPENSES AND COSTS

Under the FLSA, the Court is directed to award the prevailing party the costs of the action. *See* 29 U.S.C. § 216(b). Additionally, Fed. R. Civ. P. 54(d)(1) states in part, "[u]nless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."

A "prevailing party" is the party in whose favor judgment is rendered by the Court. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F. 3d 1238, 1248 (11th Cir. 2002). "Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987). "The costs recoverable by prevailing plaintiffs in FLSA cases under section 216(b) are limited to those costs enumerated in 28 U.S.C. § 1920." *Williams v. R.W. Cannon, Inc.,* 657 F. Supp. 2d 1302, 1315 (S.D. Fla. 2009).

Plaintiff seeks an award of $646.00 in costs. [ECF No. 17]. Defendants do not object to Plaintiff's overall entitlement to costs, but do object to Plaintiff's request for: (1) $85.00 service

11

of process on the individual Defendant; (2) $85.00 service of process on the corporate Defendant; and (3) $50.00 in photocopies and postage costs. [ECF No. 20 at 10]. Defendants instead assert that Plaintiff should be awarded $491.00 in costs after the above deductions. [*Id*. at 12].

With respect to Defendants' service of process objections, they contend that the fees are excessive because service was effectuated by the same process server, at the same, time, and on the same person and that the process server should not charge more than $65.00 for service of process, as permitted by 28 C.F.R. § 0.114(a)(3). [*Id*. at 11]. Plaintiff disputes this argument and provides an invoice for service of process, but does not indicate the amount of time it took to serve process. [ECF Nos. 20 at 7; 17-2]. Section 1920(1) permits recovery of fees for private service of process, as long as they do not exceed the fees permitted by the statute. *See Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009). In this regard, the Court is guided by the statutory limits set forth in 28 C.F.R. § 0.114(a)(3), which provides that fees charged by the United States Marshals Service for personal service of process are "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee . . . ." *See Monelus*, 609 F. Supp. 2d at 1333.

Accordingly, a Plaintiff may not recover process server fees that exceed the costs of having a U.S. Marshal effectuate service. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) (finding that "a district court does not abuse its discretion in taxing private process server fees *that do not exceed the statutory fees* authorized in § 1921"). Here, Plaintiff's process server served two items, i.e., two summonses, and service of process on two Defendants. [ECF No. 17-2]. Therefore, the Undersigned finds that Plaintiff should recover $130.00 for service of process. *See Soto v. Miami-Dade Cnty.*, No. 1:14-CV-21307-KMW, 2019 WL 5212389, at *9 (S.D. Fla. Aug. 21, 2019), *report and recommendation adopted,* No. 14-21307-CIV, 2019 WL 5212391 (S.D. Fla.

Sept. 5, 2019) ("The current rate that the United States Marshal charges is $65.00 per hour for each item served . . . . Any cost award must adhere to a rate of $65.00 per hour for each subpoena.").

Defendants also object to Plaintiff's $50.00 photocopying charge because Plaintiff did not provide any invoices or ledgers to support this charge. [ECF No. 20 at 11]. In Plaintiff's Reply, he disputes this contention and notes that the $50.00 charge was for $35.00 in copying fees and $15.00 in postage. [ECF No 21 at 7-8]. First, mailing costs are not recoverable under 28 U.S.C. § 1920. *See Persiyantseva v. Saint Petersburg Mkt., LLC*, No. 17-22177-CIV, 2018 WL 4426141, at *5 (S.D. Fla. Aug. 3, 2018), *report and recommendation adopted,* No. 17-22177-CIV, 2018 WL 4409946 (S.D. Fla. Aug. 20, 2018); *see also Glenn v. General Motors Corp.,* 841 F.2d 1567, 1575 (11th Cir. 1988) ("[N]othing in the legislative history associated with Section 216(b)'s passage suggests that Congress intended the term 'costs of the action' to differ from those costs as now enumerated in 28 U.S.C.A. § 1920"); *James v. Wash Depot Holdings, Inc.,* 242 F.R.D. 645, 648-49 (S.D. Fla. 2007) (denying charges for postage costs as not covered under 28 U.S.C. § 1920). Accordingly, Plaintiff is not entitled to $15.00 in postage fees.

As for copying costs, Plaintiff certifies, in good faith, that the costs were calculated using a standard ream of paper costing approximately $6.99 per ream and provides a copy of an Office Depot webpage. [ECF Nos. 21 at 8; 21-1]. Plaintiff asserts that $50.00 copying fee accrued from making copies in the file of all correspondence, pleadings, exhibits, documents supporting the Statement of Claim, and all other documents for the file. [ECF No. 21 at 8].

Under 28 U.S.C. § 1920(4), a plaintiff is entitled to recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" and a "bill of costs shall be filed in the case." 28 U.S.C. § 1920. "The party requesting

13

taxation of costs must present evidence 'regarding the documents copied including their use or intended use.'" *Toledo v. Vioss Vision, Inc.,* No. 18-20309-CIV, 2019 WL 5689246, at *4 (S.D. Fla. Oct. 31, 2019) (quoting *Cullens v. Georgia Dept. of Trans.*, 29 F.3d 1489, 1494 (11th Cir. 1994)). "General copying costs without any accompanying description are not recoverable." *Id.*; *see also Lee v. American Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335–36 (S.D. Fla. 2000) (denying copying costs where the prevailing party failed to (1) describe the copies, (2) explain how the copies were related to the case, and (3) justify the reasonableness of the copying rates).

Further, although copies attributable to discovery are recoverable under § 1920, costs attributable to discovery are limited to "copies of pleadings, correspondence, and other documents tendered to the [opposing party]." *Palma v. Safe Hurricane Shutters, Inc.,* 895 F. Supp. 2d 1268, 1272–73 (S.D. Fla. 2012) (quoting *Ballestero v. Fairfield Resorts, Inc.,* 2008 WL 5111100, *2 (M.D. Fla. Dec. 4, 2008) (citations omitted)). "Charges for copies of original documents possessed by the prevailing party are not taxable." *Ballestero,* 2008 WL 5111100, *2. Moreover, "charges for extra copies and for documents prepared for convenience, preparation, research, or for the records of counsel are not taxable." *Id.*

Here, Plaintiff provides a general description of the materials copied, a copy of the Office Depot webpage, and an invoice for $50.00 ($35.00 for copying costs). This vague description is insufficient to allow the Court to discern the intended use of the copies, such as whether these were extra copies intended for use by Plaintiff. Accordingly, Plaintiff is not entitled to the $35.00 in copying costs. In summary, after taking into account the reduction in costs for service of process and the elimination of the mailing and photocopying costs, the Undersigned concludes that $90.00 of the total $646.00 in costs for which Plaintiff seeks reimbursement are not compensable, and therefore, Plaintiff should be awarded $556.00 in costs.

## IV. RECOMMENDATIONS

In accordance with the above, the Undersigned respectfully recommends that Plaintiff's Verified Motion for Attorneys' Fees and to Tax Costs Pursuant to Local Rule 7.3 [ECF No. 17] be **GRANTED in part and DENIED in part** and Plaintiff be awarded $4,750.00 in attorneys' fees and $556.00 in costs, for a total award of $5,306.00 in fees.

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Judge within **FOURTEEN DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**SIGNED** this 15th day of January, 2021.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **U.S. District Judge Ursula Ungaro**; and

**All Counsel of Record via CM/ECF**